## BOWEN vs. GROOVER.

ILLEGALITY, FROM BULLOCH. Practice in Supreme Court.

Jackson, C. J.— Where an execution was levied and an affidavit of illegality was interposed on five grounds, and the court sustained two of them and overruled the other three, and thereupon dismissed the levy, this was a final judgment disposing of that case in favor of the defendant, and he could not except and bring the case to this court on the ground that if the court had sustained the other three grounds of the affidavit, it would have resulted in quashing the fi. fa., while the dismissal of the levy on the grounds sustained did not effect that result. Code, §3665.

Writ of error dismissed.

T. H. Potter, for plaintiff in error.

D. R. Groover ; Lester & Ravenel, for defendant.

---

## PRETORIUS vs. BARNES.

EJECTMENT, FROM BULLOCH. Practice in Supreme Court.

Jackson, C. J.—If the judge shall determine that a bill of exceptions presented to him is not true or does not contain all the necessary facts he shall return it within ten days to the party or his attorney, with his objections to the same in writing. If these objections are met and removed, the judge may then certify, specifying in his certificate the cause of delay, requiring notice and hearing evidence if he sees proper, as to the truth of the bill of exceptions ; but it is not proper where facts necessary to a review of the decision below are omitted from the bill of exceptions to insert them at the close of the usual certificate to the bill of exceptions and before the signature of the judge. There is no authority for such an appendage to a writ of error, and it shows on its face that the bill of exceptions, as tendered, is not true. Code, §§ 4252, 4257.

(a) Plaintiff in error was not free from fault, because he should have embodied all the necessary facts in the bill of exceptions; and because, if, from any cause, the bill of exceptions is not certified by the judge without fault of the party tendering it ; or, if the judge does what is equivalent to refusing to certify, or, in default thereof, fail to return the bill of exceptions with his objections noted, so that they may be removed or rectified, the law provides a remedy by application to this court for mandamus nisi. Code, §4258.

Writ of error dismissed.

T. H. Potter, for plaintiff in error.

D. R. Groover ; Lester & Ravenel, for defendant.